T.C. Memo. 2006-137

UNITED STATES TAX COURT

RAJESH PRABHAKAR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23321-04.                    Filed June 27, 2006.

Rajesh Prabhakar, pro se.

<u>Laura A. McKenna</u>, for respondent.

MEMORANDUM OPINION

FOLEY, <u>Judge</u>:  This matter is before the Court on
petitioner's motion for award of reasonable litigation and
administrative costs pursuant to section 7430[1] and Rule 231.  On

_____

    [1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue, and
                                        (continued...)

September 26, 2005, this Court entered a decision, pursuant to a signed decision document, in favor of petitioner.

Background

Petitioner timely filed his 2002 Federal income tax return. On this return, petitioner reported wages of $56,225, interest income of $217, tax-exempt interest income of $457, a capital loss of $3,000, and a section 222 qualified tuition and related expenses deduction (tuition expense) of $3,000. In addition, he requested a refund of $1,287.

In a 30-day letter dated May 3, 2004, respondent asserted that petitioner was liable for an income tax deficiency and accuracy-related penalty relating to 2002. Respondent explained that "Since there was no breakdown on * * * [petitioner's] tax return, we could not locate specific amounts of interest, dividends and/or capital gains distributions to match the amounts * * * [petitioner's] payers reported to us." Respondent also disallowed petitioner's tuition expense.

Respondent, in the 30-day letter, stated that if petitioner disagreed with the proposed changes, petitioner should send respondent a statement "explaining each change you disagree with and why you disagree [and include] any supporting documents you

[1](...continued)
all Rule references are to the Tax Court Rules of Practice and Procedure.

wish us to consider". Petitioner, in a letter dated May 9, 2004, disagreed with respondent's proposed changes and stated that the income was properly "accounted for in * * * [his] 2002 Tax Return". Petitioner, however, did admit that he failed to account for capital gain income relating to the sale of three mutual funds and concluded that his refund of $1,287 should have been $1,179 (i.e., a difference of $108). Petitioner enclosed a check for $108 but did not attach any supporting documentation.

By notice of deficiency dated September 7, 2004, respondent determined a deficiency of $18,402 and a section 6662 accuracy-related penalty of $3,680 relating to petitioner's 2002 return. On December 7, 2004, petitioner, while residing in Lake Forest, California, filed his petition with this Court.

In November of 2004, petitioner contacted Heather Smith of the Taxpayer Advocate Service. In a letter dated January 10, 2005, Ms. Smith concluded that petitioner, on his 2002 return, had failed to report dividend income and a "considerable amount of stocks and bonds income". On January 24, 2005, the Court filed respondent's answer. That same day, petitioner, in response to Ms. Smith's January 10 letter, sent Ms. Smith a corrected Schedule D, Capital Gains and Losses, and substantiation of his tuition expense. On March 10, 2005, Ms. Smith forwarded this documentation to respondent's Appeals

Office.  After reviewing the documentation, the Appeals officer agreed with petitioner that there was no deficiency in income tax, an accuracy-related penalty should not be imposed, and petitioner's refund should have been $1,179 rather than $1,287. Petitioner conceded respondent's determination relating to the dividend income.

On September 26, 2005, the Court entered a decision, pursuant to a signed decision document, in favor of petitioner in the amount of $108.  On October 20, 2005, the Court filed petitioner's motion for award of reasonable litigation and administrative costs.  On November 7, 2005, the Court filed respondent's objection.

## Discussion

Petitioner contends he is entitled to litigation costs because he "prevailed with respect to the amount in controversy." Conversely, respondent contends that his position was substantially justified because petitioner did not properly report his interest, dividend, and capital gain income.  In addition, respondent contends that petitioner failed to substantiate his tuition expense.

The prevailing party in a Tax Court proceeding may recover litigation costs.  See sec. 7430(a); Rule 231.  Petitioner bears the burden of proving that he meets each requirement of section

7430.  Rule 232(e).  Petitioner, however, will not be treated as the prevailing party if respondent's position was substantially justified (i.e., had a reasonable basis in law and fact).  Sec. 7430(c)(4)(B); see <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988). The fact that respondent loses an issue is not determinative of the reasonableness of respondent's position.  <u>Wasie v. Commissioner</u>, 86 T.C. 962, 969 (1986).

Respondent's position was reasonable and substantially justified.  Respondent was not provided with the requisite documentation until after the answer was filed.  On March 10, 2005, respondent received the documentation relating to the capital gain income and tuition expense, and, on March 16, 2005, he conceded those issues and agreed with petitioner. Accordingly, petitioner's motion will be denied.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.